J-S45022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE PARKS | : | |
| | : | |
| Appellant | : | No. 2031 EDA 2021 |

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0132301-1994

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 16, 2023**

Appellant, Theodore Parks, appeals from the September 27, 2021 order entered in the Court of Common Pleas of Philadelphia County, denying his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred by dismissing his petition without an evidentiary hearing in light of newly discovered evidence.  Upon review, we vacate the court's order and remand for an evidentiary hearing.

Although the PCRA court provided the procedural history of the case, **see** PCRA Court Opinion, 6/14/22, at 1-3, including a summary of the factual background, the court does not provide any citation to the record or offer any indication of its source of the information provided.  What we can discern from our review of the record is that the transcripts from Appellant's trial, which

took place 24 years before the filing of the instant petition, are not part of the record certified to this Court. Only in various filings by the parties do we find excerpts from and citations to trial testimony, although even some of those citations are questionable as they cite to notes of testimony from October 16, 1994, which was a Sunday.[1] Nevertheless, based on our review of the record, including previous memoranda opinions from this Court, we know that Appellant was convicted by a jury of first-degree murder and related charges, including conspiracy, on October 20, 1994. On October 25, 1994, the trial court sentenced Appellant to life in prison for the murder conviction and deferred sentencing on the remaining convictions until February 2, 1995. On that date, the court conducted a sentencing hearing and imposed additional sentences on the remaining convictions.

Appellant filed a timely notice of appeal and this Court affirmed his judgment of sentence on August 27, 1996. ***Commonwealth v. Parks***, 685 A.2d 1946 (Pa. Super. 1996). Appellant did not seek review with our Supreme Court.

In his Rule 1925(a) opinion, the PCRA judge (the Honorable Scott DiClaudio), who was not the trial judge, offered a summary of testimony, seemingly without benefit of trial transcripts, indicating that two eyewitnesses to the underlying murder recanted their pre-trial identification of Appellant

---

[1] ***See, e.g.***, Commonwealth Letter Brief, 1/5/21, at 5 and 6 n.4, and Appellant's Response in Opposition to Motion to Dismiss, 3/16/21, at 1.

during their trial testimony. PCRA Court Opinion, 6/14/22, at 2. The court

stated:

> The testimony of William Shepard was also introduced. Shepard had given a statement to [detectives]. According to his statement, about twenty minutes prior to the shooting, Shepard [observed Appellant, whom he later identified from a photo array, as the driver of a station wagon that circled the block a few times near the site of the shooting]. Shepard then went to a friend's house and did not personally witness the shooting. According to Shepard, the shooting was in retaliation for the arson [of the backseat passenger's "drug spot" on the previous night].
>
> At trial, Shepard recanted his statement to police. When confronted with his post-incident statement, Shepard testified that he was scared that the police were going to lock him up, so he said anything they wanted, and that he told police that he was not there the day of the shooting.

*Id.* at 2-3.

As noted above, Appellant's current PCRA petition is his fourth.

However, it is the first that involves the testimony of William Shepard, who

signed a notarized affidavit on June 18, 2018, recanting his trial testimony.

*See* Appellant's *pro se* PCRA Petition, 7/3/18, and Counseled Amended PCRA

Petition, 6/9/20. In his amended petition, Appellant asserted that the petition

fell under the newly-discovered evidence exception to the PCRA's time

restrictions and was filed within one year of the date the claim could be

presented. Counseled Amended PCRA Petition, 6/9/20, at ¶¶ 17-18 (citing 42

Pa.C.S.A. § 9545(b)(1)(ii) and (b)(2)). He further claimed that in absence of

Shepard's identification, he would have been acquitted. *Id.* at ¶ 35(d).

- 3 -

Appellant requested a new trial but also contended that, at a minimum, he was entitled to an evidentiary hearing. *Id.* at ¶¶ 37-38.

The Commonwealth filed a letter brief seeking dismissal of Appellant's PCRA petition, contending that Shepard's 2018 affidavit "did not contain anything that could be considered a new fact." Commonwealth Letter Brief, 1/5/21, at 6. Appellant filed a response to the Commonwealth's motion to dismiss, disputing the Commonwealth's suggestion that Shepard's trial testimony and affidavit are identical. Appellant's Response, 3/16/21, at 1. As such, he argued, the Commonwealth's motion to dismiss "is baseless, and an evidentiary hearing is required." *Id.* (citations omitted).

On July 24, 2021, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. On September 27, 2021, the court entered its order dismissing the petition. This timely appeal followed. Appellant filed a Rule 1925(b) statement of matters complained of on appeal as ordered by the PCRA court,[2] and the court filed its opinion in accordance with Rule 1925(a).

In this appeal, Appellants asks us to consider two issues:

   I.    Did the PCRA court err in finding that the newly discovered evidence from William Shepard was not timely filed?

---

[2] We remind counsel that Pa.R.A.P. 2111(a)(2) directs that the PCRA court's order is to be included in an appellant's brief and is to be "separately and distinctly entitled." Pa.R.A.P. 2111(a). Further, we remind counsel that a copy of an appellant's Rule 1925(b) statement is to be appended to the appellant's brief. Pa.R.A.P. 2111(a)(11) and (d).

II.     Did the PCRA court err in finding, without benefit of a hearing, that the newly discovered evidence from William Shepard that he was coerced by detectives into identifying [Appellant] was the driver of the suspect vehicle lacked credibility and/or merit?

Appellant's Brief at 2 (some capitalization omitted).

As this Court has explained:

When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018). Moreover,

a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (quoting *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted)).

We first consider whether Appellant's petition was timely filed. By statute, all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[3] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. (Elwood) Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

As noted, Appellant was sentenced on October 25, 1994 (first-degree murder conviction) and February 2, 1995 (remaining convictions). On August

---

[3] The one-year time limitation can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and filed a petition raising this exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

27, 1996, this Court affirmed his judgment of sentence. ***Commonwealth v. Parks***, 685 A.2d 1046 (Pa. Super. 1996) (unpublished memorandum). Appellant did not file a petition for allocatur to our Supreme Court. Thus, Appellant's judgment of sentence became final on September 26, 1996, and he had until September 26, 1997, to file a timely PCRA petition. The instant PCRA petition, which was filed *pro se* on July 3, 2018, is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Although the instant PCRA petition is facially untimely, Appellant argues that in light of the Shepard affidavit, his petition satisfies the newly-discovered facts exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii).[4] In the notarized affidavit, Shepard represented, *inter alia*, "I testified that I saw Mr. Parks driving the vehicle but that testimony was not true. I never seen Mr. Parks driving that car, nor have I seen him in my life." ***See*** Appellant's *pro se* PCRA Petition, 7/3/18, and Counseled Amended PCRA Petition, 6/9/20. He also

---

[4] Section 9545(b), in relevant part, reads:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(ii).

stated that he testified and identified Appellant because he was threatened with being charged with the crime if he did not do so. **Id.** He claimed he was coming forward because he no longer wanted to live with knowing a man was in prison because of his lies. He indicated he was willing to testify that his trial testimony and identification of Appellant was not true. **Id.**

The PCRA court concluded that the information included in the affidavit did not constitute new evidence, finding that Shepard's testimony "inherently meant that [Shepard] did not see Appellant in the driver seat or in the area that day." Rule 1925(a) Opinion, 6/14/22, at 5. Appellant counters that Shepard offered "unshaken trial testimony that he saw Appellant driving the car 20 minutes before the shooting," Appellant's Brief at 14, a fact he denied for the first time in his 2018 affidavit. Moreover, the Commonwealth acknowledges that, even after Shepard recanted the statement made to detectives about having a conversation with the backseat passenger, he "did still maintain, during his trial testimony, that he actually witnessed [Appellant] driving the car when he saw it before the shooting." Commonwealth Brief at 10 (citing Notes of Testimony, Trial, 10/14/94 and 10/18/94).[5] Therefore, "[i]f the factual assertions [Appellant] presented in his petition regarding discovery of the witness's recantation are true, it appears that he may have

---

[5] Again, although the parties include a few references to notes of testimony from Appellant's 1994 trial, there are no trial transcripts in the record certified to this Court.

met the newly-discovered facts exception to the PCRA's one-year filing deadline." ***Id.***

      Concerning recantation testimony, our Supreme Court has stated:

> We acknowledge that, as a general matter, recantation evidence "is notoriously unreliable, particularly where the witness claims to have committed perjury." ***Commonwealth v. Dennis***, 715 A.2d 404, 416 (Pa. 1998); ***accord Commonwealth v. McCracken***, 659 A.2d 541, 545 (Pa. 1995); ***Commonwealth v. Mosteller***, 284 A.2d 786, 788 (Pa. 1971). This Court has also emphasized, however, that, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole.

***Commonwealth v. D'Amato***, 856 A.2d 806, 825 (Pa. 2004) (citations modified).

      In his affidavit, Shepard recanted his trial testimony and, for the first time, denied having seen Appellant driving a vehicle near the scene of the shooting. As Appellant explained in his brief filed with this Court, Shepard had not previously denied—either in his statement to detectives or in his trial testimony—that he saw Appellant driving a vehicle near the scene of the shooting twenty minutes prior to the shooting. Appellant's Brief at 13 and 17. Moreover, it was through ongoing efforts of Appellant's family members that they were able to locate Shepard and secure the affidavit at Shepard's home in June 2018. Counseled Amended PCRA Petition, 6/9/20, at ¶¶ 22-33. There is nothing in the record to suggest that Appellant could have learned of Shepard's recantation before June of 2018. Further, because there was no evidentiary hearing and there are no trial transcripts in the record, it appears

the PCRA court reached its conclusions concerning Shepard's trial testimony solely based on its reading of Appellant's petition and the Commonwealth's response rather than on an independent review of trial testimony.[6] Therefore, despite the PCRA court's conclusion to the contrary, it appears—as the Commonwealth acknowledges, that Appellant may have satisfied the PCRA's timeliness exception for newly discovered facts under 42 Pa.C.S.A. § 9545(b)(1)(ii). *See, e.g., Commonwealth v. Diggs*, 220 A.3d 1112, 1116 and 1118-19 (Pa. Super. 2019) (Section 9545(b)(1)(ii) newly-discovered fact exception applied to PCRA claim that witness recanted testimony where witness signed affidavit recanting testimony one month before defendant filed PCRA petition asserting a claim based on that recantation).

As this Court recently observed:

> While recantation evidence is often highly unreliable, a PCRA court must assess the credibility of the recantation and its significance

---

[6] It is interesting to note that in the proceedings for Appellant's second PCRA petition, the PCRA judge (the Honorable Albert John Snite, Jr.) commented that he did not "really feel comfortable in listening to many arguments about what the evidence at trial shows because I had not read the trial record [at the time of the first hearing]." Notes of Testimony, 5/3/11, at 2. However, prior to the second day of proceedings, he "read the trial record, every single page of it. So I think that I am ready to close in on these issues[.]" *Id.* He later noted his agreement with Appellant "that the Commonwealth's case was not, as they say in the vernacular, a slam dunk. Because the witnesses there were recanting prior statements, because there were no like fingerprints of you, you know. I agree that it was not the strongest Commonwealth case in the world, absolutely I agree with that." *Id.* at 26. (Note: The May 3, 2011 transcript is part of the certified record in the instant appeal.)

> in light of the evidence as a whole before it can deny PCRA relief on the ground that the claim lacks merit. **Commonwealth v. D'Amato**, 856 A.2d 806, 825 (Pa. 2004); [**Commonwealth v. Williams**, 732 A.2d 1167, 1180-81 (Pa. 1999)]. Where, as here, the PCRA court simply rejects a recantation claim without any evidentiary hearing and without making such an assessment, the dismissal must be vacated and the case remanded for the PCRA court to make a determination of the credibility and significance of the recantation. **D'Amato**, 856 A.2d at 825-26; **Williams**, 732 A.2d at 1180-81.

**Commonwealth v. DeFranco**, No. 1239 WDA 345 at *3 (unpublished memorandum) (Pa. Super. filed July 6, 2022).[7]

The dissent addresses recantation testimony, not in terms of whether an evidentiary hearing might be warranted here, but rather in terms of what Shepard "stated" at trial, and offers citations to the notes of testimony from Appellant's 1994 trial. Dissenting Memorandum at 4. However, as previously mentioned, the certified record available to us does not include any trial transcripts. Again, the only excerpts from and citations to trial testimony available to this panel are the few references provided by the parties in their filings.

As this Court appreciated in **Commonwealth v. Smith**, 436 EDA 2020 (unpublished memorandum) (Pa. Super. filed July 30, 2021)[8]:

> [T]he PCRA judge did not preside over trial and has not observed the [recanting] Victim or [appellant's co-conspirator] testify. We

---

[7] **See** Superior Court I.O.P. 65.37B (non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value).

[8] **See** n.7, **supra**.

- 11 -

further note trial was conducted more than 21 years before the PCRA court's review of [a]ppellant's petition. The court arrived at its factual findings without an evidentiary hearing or even oral argument, and instead, based its decision on only an examination of the PCRA petition. Pursuant to **Small**,[9] **D'Amato**, and **Williams**, we conclude a fair review of [a]ppellant's claim requires the PCRA court's "own, independent findings of fact and conclusions of law concerning [the recanting Victim's] credibility and the impact, if any, upon the truth-determining process which can be discerned from such testimony." **See Small**, 189 A.3d at 978.

**Id.** at *6.

Under the circumstances, we conclude the PCRA court abused its discretion by dismissing Appellant's petition without the benefit of an evidentiary hearing. Therefore, we vacate its order and remand for an evidentiary hearing.[10]

_____

[9] **Commonwealth v. (Eric Eugene) Small**, 189 A.3d 961 (Pa. 2018).

[10] We further note that while the dissent concludes Appellant failed to prove an exception to the PCRA's timeliness requirements, it nevertheless offers its conclusion that Appellant's after-discovered evidence claim lacks merit. We find any analysis of the merits of Appellant's claims premature. In the absence of an exception to the PCRA's timeliness requirements, this Court lacks jurisdiction to entertain the merits, if any, of an appellant's claims. **Chester, supra**, 895 A.2d at 522. Our Supreme Court has made this point clear on a number of occasions.

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). We have unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." **Commonwealth v.**

*(Footnote Continued Next Page)*

Order vacated.  Case remanded for an evidentiary hearing.  Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Murray files a dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2023

---

**Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263, 1268 (2008).  Rather, the exception only requires a petitioner to "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts."  **Bennett**, 930 A.2d at 1270; **see also Commonwealth v. Breakiron**, 566 Pa. 323, 781 A.2d 94, 98 (2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

**Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016).